

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 23, 2006

The Honorable Mike Fetter
Upshur County Criminal District Attorney
405 North Titus Street
Gilmer, Texas 75644

Opinion No. GA-0473

Re: Authority of a county commissioners court to appoint a county road administrator who is not a road engineer (RQ-0472-GA)

Dear Mr. Fetter:

You ask about the appointment of a county road administrator by the Upshur County Commissioners Court.[1] In connection with your request you inform us that Upshur County (the "County") operates under a county road department system pursuant to elections held in 2002 and 2004. Early in 2005, the County sought to hire a county road engineer. *See* Request Letter Brief, *supra* note 1, at 1. You inform us that two individuals applied as engineers and four individuals applied as road administrators. *See id.* You further inform us that one of the qualified engineers eventually withdrew his name from consideration. *See id.* Finally, you tell us that the County hired one of the road administrators. *See id.* You state that the issue is whether the County Commissioners Court violated the "Transportation Code when it appointed a road administrator even though a county road engineer applied for the position." *Id.* at 2. Additionally we received a brief in response to your request that argues that the County violated section 252.304 of the Transportation Code by hiring a road administrator when there was a qualified professional engineer candidate.[2]

Section 252.304(a) of the Transportation Code provides that the commissioners court of a county operating under a county road department system "shall appoint a county road engineer" who meets certain requirements and qualifications. TEX. TRANSP. CODE ANN. § 252.304(a) (Vernon 1999). Even though section 252.304(a) uses the word "shall," a county commissioners court is authorized under section 252.304(b) to hire a road administrator "[i]f the commissioners court is unable to employ a licensed professional engineer." *Id.* § 252.304(b). By its plain language, the exception authorizing a commissioners court to hire a road administrator requires only that the commissioners court be "unable to employ" a professional engineer. *See id.*; *see also* TEX. GOV'T

---

[1]Letter and Brief from Honorable Mike Fetter, Upshur County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Mar. 13, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter Brief].

[2]Brief from Honorable James Crittenden, Upshur County Commissioner, Precinct 1, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas (May 3, 2006) (on file with the Opinion Committee).

CODE ANN. § 311.011(a) (Vernon 2005) (providing that a phrase in a statute is to be construed according to its common meaning). The statute does not specify any reasons or standards by which a commissioners court would determine it was unable to employ a professional engineer. Thus, section 252.304 grants a commissioners court the authority to determine, in the first instance, whether it is unable to hire a licensed professional engineer.

In your brief, however, you refer us to several prior opinions from this office. Because we believe that two of the prior opinions provide conflicting advice, we briefly examine them here. In Attorney General Opinion H-201, this office said that "[w]here it can be shown that a licensed professional engineer, who meets the standards authorized by the Commissioners' Court, is available and willing to accept the job, it *may* be an abuse of discretion for the Commissioners' Court to hire a road administrator." Tex. Att'y Gen. Op. No. H-201 (1974) at 3 (emphasis added). Because a qualified licensed engineer was a candidate for the position in Upshur County, it might appear as if your question about the Upshur County Commissioners Court's action is answered by this statement in Opinion H-201. In 1974 when H-201 was issued, the road administrator exception provision stated that "[i]f the Commissioners Court is not able to employ a licensed engineer for any reason," the commissioners court was authorized to hire a road administrator. Act of Apr. 25, 1957, 55th Leg., R.S., ch. 176, § 1, 1957 Tex. Gen. Laws 371, 371. Attorney General Opinion H-201 considered the "for any reason" language of the road administrator exception in light of the emergency clause in the enacting legislation. Tex. Att'y Gen. Op. No. H-201 (1974) at 3. The opinion noted that the exception had been enacted to "provide an alternative to a county road engineer for counties which were not able to hire a licensed professional engineer." *Id.* Because of the emergency justifying the initial enactment of the exception, H-201 construed the "for any reason" to mean "any reason having to do with inability to hire a professional engineer who is qualified according to the standards set by the Commissioners' Court." *Id.*

Attorney General Opinion H-201, however, was disapproved in part by Attorney General Opinion DM-368. In Opinion DM-368, this office recognized that H-201 could be read to sanction only two reasons for not hiring a professional engineer as county road engineer—the "scarcity of professional engineers and the limitations on the engineer's salary." Tex. Att'y Gen. Op. No. DM-368 (1995) at 5. Opinion DM-368 then clarified that the plain language of the exception was broad and not to be construed as limited to just the two reasons contemplated in Opinion H-201. *See id.* (disapproving Opinion H-201 to the extent it is inconsistent with Opinion DM-368). Additionally, in Opinion DM-368 this office construed the exception to retain the same meaning as it had before a nonsubstantive revision omitted the words "for any reason." *Id.* at 4; *see also* TEX. TRANSP. CODE ANN. § 252.304 revisor's note (Vernon 1999) (stating that the revised law omits "for any reason" as unnecessary). Thus, Opinion DM-368 concluded that, subject to judicial review, a commissioners court "may employ a road administrator instead of an engineer if 'for any reason' it is, in fact, unable to employ an engineer." Tex. Att'y Gen. Op. No. DM-368 (1995) at 6.

There have been no subsequent attorney general opinions or judicial opinions construing the exception in section 252.304 of the Transportation Code, so we follow the plain language of the statute as construed by Attorney General Opinion DM-368. Under section 252.304, where a county commissioners court is in fact unable to employ a licensed engineer, it may employ a road

administrator. *See* TEX. TRANSP. CODE ANN. § 252.304(b) (Vernon 1999); *see also* Tex. Att'y Gen. Op. No. DM-368 (1995) at 6. And, a county commissioners court has discretion to determine whether it is in fact unable to employ a licensed engineer. *See* Tex. Att'y Gen. Op. No. DM-368 (1995) at 6.

You inquire whether the Upshur County Commissioners Court violated this provision of the Transportation Code by hiring a road administrator when a licensed engineer was also a candidate. *See* Request Letter Brief, *supra* note 1, at 2. We cannot determine as a matter of law whether the Upshur County Commissioners Court violated section 252.304. The sole fact that a licensed engineer was a candidate is not dispositive that the Commissioners Court abused its discretion. We do not know on what factual basis the Upshur County Commissioners Court determined it was unable to employ a licensed engineer. And the determination of whether that factual basis falls within the scope of the discretion of the Upshur County Commissioners Court granted by the statute is a question we must leave to the courts. *See* Tex. Att'y Gen. Op. Nos. DM-368 (1995) at 6 ("The commissioners court has discretion in making such determinations in the first instance, subject to judicial review."); GA-0430 (2006) at 3 n.4 (stating this office does not resolve fact questions).

## S U M M A R Y

Under section 252.304 of the Transportation Code, a commissioners court may employ a road administrator when it is in fact unable to hire a licensed engineer as county road engineer. A commissioners court has discretion, subject to judicial review, to determine in the first instance whether it is unable to employ a licensed engineer. The determination of whether a county commissioners court violates section 252.304 involves a consideration of facts and, therefore, is a question we must leave to the courts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee